**Entered on Docket**
**February 19, 2009**
GLORIA L. FRANKLIN, CLERK
U.S BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA



**Signed: February 18, 2009**

_____
**EDWARD D. JELLEN**
**U.S. Bankruptcy Judge**
_____

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

In re                                    No. 08-44903 EDJ
                                         Chapter 11
R. RING ENTERPRISES, INC.

                      Debtor./
_____

DECISION: MOTION FOR ORDER COMPELLING
SURRENDER OF NONRESIDENTIAL REAL PROPERTY

    Landlord DJONT Operations, LLC ("the Landlord") has moved for an order compelling R. Ring Enterprises, Inc., the above debtor ("the debtor"), to surrender and vacate certain premises on the ground that the debtor's prepetition premises leases were terminated by operation of Bankruptcy Code § 364(d)(4).[1]  The court will deny

---

[1]    Section 365(d)(4) provides:

(4)(A) Subject to subparagraph (B), an unexpired lease of nonresidential real property under which the debtor is the lessee shall be deemed rejected, and the trustee shall immediately surrender that nonresidential real property to the lessor, if the trustee does not assume or reject the unexpired lease by the earlier of--

    (i) the date that is 120 days after the date of the order for relief; or

(continued...)

Decision

the motion.

A.  <u>Introduction</u>

The facts relevant to the motion are undisputed. The debtor operates several hotel restaurants. They include a restaurant in Burlingame, California under a lease with the Landlord, and a restaurant in Napa, California under a sub-lease with the Landlord (hereinafter, the "Leases").[2]

On September 4, 2008, the debtor filed a chapter 11 petition herein.[3] Eighty-three days later, on November 26, 2008, the debtor filed a chapter 11 plan providing for the debtor to assume the

---

[1](...continued)

        (ii) the date of the entry of an order confirming a plan.

        (B)(i) The court may extend the period determined under subparagraph (A), prior to the expiration of the 120-day period, for 90 days on the motion of the trustee or lessor for cause.

        (ii) If the court grants an extension under clause (i), the court may grant a subsequent extension only upon prior written consent of the lessor in each instance.

[2]The debtor and Landlord are litigating the validity of the Napa lease, but the issues in such litigation are not relevant to the present motion.

[3]This bankruptcy case is governed by the Bankruptcy Code as amended by the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 ("BAPCPA"). Unless otherwise stated, all further section references herein are to the Bankruptcy Code, as amended by BAPCPA.

Decision                                           2

Leases pursuant to § 1123(b)(2).[4]  The 120-day period mentioned in § 365(d)(4) passed on January 2, 2009.  The debtor did not file a motion seeking court approval of the assumption, or obtain a bankruptcy court order confirming its chapter 11 plan prior to January 2, 2009, and the issue of plan confirmation remains pending before this court.

The Landlord contends that the debtor's failure to obtain a bankruptcy court order confirming its plan, or approving assumption of the Leases, prior to passage of the 120-day period mentioned in § 365(d)(4) resulted in the Leases being "deemed rejected" pursuant to that provision.  The debtor disagrees.

The court holds on the authority of <u>In Re Victoria Station, Inc.</u>, 840 F.2d 682 (9th Cir. 1988) and other cases that the Leases were not deemed rejected by operation of § 365(d)(4), and thus, that the Landlord's motion should be denied.

B.   <u>Assumption by Plan Permitted</u>.

There are two routes by which a chapter 11 debtor-in-possession may seek a court order that results in an effective assumption of an executory contract or lease.  The first is by motion. Fed.R.Bankr.P. 6006(a).  The second is by chapter 11 plan.  Section 1123(b)(2).  When a debtor seeks the assumption by chapter 11 plan,

---

[4] Bankruptcy Code § 1123(b)(2) provides: "Subject to subsection (a) of this section, a plan may - . . . (2) subject to section 365 of this title, provide for the assumption, rejection, or assignment of any executory contract or unexpired lease of the debtor not previously rejected under such section ;."

Decision                                    3

then a separate motion is not necessary. Fed.R.Bankr.P. 6006(a);[5] <u>Matter of National Gypsum Co.</u>, 208 F.3d 498, 511-12 (5th Cir. 2000); <u>In re Flugel</u>, 197 B.R. 92, 94-95 (Bankr. S.D. Cal 1996) (decided under chapter 13).

Therefore, the fact that the debtor seeks the order by plan, not motion, is not grounds for granting the Landlord's motion.

### C. <u>The Timely Filing of a Plan Precludes Automatic Rejection, Even if a Court Order Confirming the Plan is Not Entered During the 120-Day Period</u>

The Landlord contends that because the debtor did not obtain a bankruptcy court order confirming its plan within the 120-period, the Leases are deemed rejected pursuant to § 365(d)(4).

This argument fails. In <u>In Re Victoria Station, Inc.</u>, 840 F.2d 682 (9th Cir. 1988), decided prior to enactment of BAPCPA, the Ninth Circuit held that when a debtor files a timely motion to assume an executory lease, but does not obtain a court order permitting assumption within the statutory time period for doing so, the lease is not deemed rejected by operation of Bankruptcy Code § 365(d)(4). <u>Id</u>. at 684. Rather, the court held that "a proper interpretation of section 365(d)(4) supports the conclusion that there is no express limit to the time within which the bankruptcy court must hear and decide the motion to assume where the trustee, or debtor as in this case timely files." <u>Id.</u>

---

[5] Fed.R.Bankr.P. 6006(a) provides: "A proceeding to assume, reject, or assign an executory contract or unexpired lease, <u>other than as part of a plan</u>, is governed by Rule 9014" (regarding contested matters to be resolved by motion). <u>Emphasis added</u>.

Decision 4

Although the debtor in Victoria Station was proceeding by motion, whereas the debtor here is proceeding by plan, the rationale of Victoria Station applies. See Flugel, 197 B.R. at 94-95.

The Landlord argues that the debtor withdrew its plan. However, there is no withdrawal on file, or any other evidence of such a withdrawal. This argument therefore fails.

The court holds that even though no confirmation order was entered prior to passage of the 120-day period mentioned in § 365(d)(4), the Leases were not deemed rejected.

D. BAPCPA Did Not Overrule Victoria Station.

The Landlord argues that BAPCPA overruled Victoria Station. It did not. Prior to the enactment of BAPCPA, Bankruptcy Code § 365(d)(4) read:

> Notwithstanding paragraph (1) and (2), in a case under any chapter of this title, if the trustee does not assume or reject an unexpired lease of nonresidential real property under which the debtor is the lessee within 60 days after the date of the order for relief, or within such additional time as the court, for cause, within such 60-day period, fixes, then such lease is deemed rejected, and the trustee shall immediately surrender such nonresidential real property to the lessor.

In Victoria Station, the Ninth Circuit construed this language to require that only the debtor, not the court, act within the then-mandated 60-day deadline, stating that "the court is not restricted by section 365(d)(4) in deciding whether to grant or deny the motion to assume." Victoria Station, 840 F.2d at 684.

BAPCPA § 365(d)(4)(B) modified pre-BAPCPA § 365(d)(4) by requiring entry of a court order within the 120-day period when a debtor has moved to extend the 120-day time period. See In re

Decision 5

Tubular Technologies, LLC, 348 B.R. 699 (Bankr. D.S.C. 2006). In this regard, § 365(d)(4)(B)(i) provides:

> The court may extend the time determined under subparagraph (A) prior to the expiration of the 120-day period, for 90 days on the motion of the trustee or lessor for cause.

Thus, under BAPCPA, both the debtor and the court must act within 120 days for the debtor to obtain an extension of time.

However, the applicable statutory language of BAPCPA regarding an extension of time is quite different than the statutory language regarding assumption. In the latter case, unlike a request for an extension of time, § 365(d)(4) makes no mention of a court order, and is, for the most part unchanged by BAPCPA: Pre-BAPCPA provided that "if the trustee does not assume or reject within 60 days after the date of the order for relief . . . then such lease is deemed rejected . . . ." Post-BAPCPA provides: "an unexpired lease shall be deemed rejected . . . if the trustee does not assume or reject the unexpired lease by the earlier of (i) the date that is 120 days after the date of the order for relief; or (ii) the date of the entry of an order confirming the plan."

Thus, under BAPCPA, Congress changed the rules regarding extensions of time, but did not change § 365(d)(4) to require a court order within 120 days when a debtor timely files a motion requesting the court to approve the assumption of a lease.[6]

---

[6] For this reason, In re Tubular Technologies, LLC, 348 B.R. 699 (Bankr. D.S.C. 2006), relied on by the Landlord, is inapplicable here. The issue in Tubular Technologies was whether
(continued...)

Decision 6

Moreover, the court in Victoria Station stated that bankruptcy courts, as courts of equity "are compelled to disfavor a lease forfeiture that would imperil the debtor's reorganization and impede rehabilitative goals." Victoria Station, 840 F.2d. at 684. Nothing in BAPCPA abolishes or undermines this policy.

The Landlord argues that a debtor may not assume a lease absent a court order, and that BAPCPA's language that a lease is deemed rejected "if the trustee does not assume or reject the unexpired lease" within the time provided means that the debtor must obtain a court order within the time provided. This argument is without merit.

It is true that a debtor's assumption of a lease is not effective absent a court order approving the assumption: § 365(a) so provides.[7] But the identical language "if the trustee does not assume or reject" appears in pre-BAPCPA § 365(d)(4), and was construed by the Victoria Station court as not mandating a court order within the time provided.

---

[6](...continued)
a court order was needed within 120 days for the debtor to obtain an effective extension of time to move for assumption or rejection.

[7]Section 365(a) provides: "Except as provided in sections 765 and 766 of this title and in subsections (b), (c), and (d) of this section, the trustee, subject to the court's approval, may assume or reject any executory contract or unexpired lease of the debtor."

Decision 7

Case: 08-44903    Doc# 161    Filed: 02/18/09    Entered: 02/19/09 11:55:38    Page 7 of 9

For the foregoing reasons, the court holds that BAPCPA did not overrule <u>Victoria Station</u>.

E. <u>The Landlord's Remaining Arguments</u>

The Landlord raises numerous additional arguments, including arguments that it has been denied Constitutional "due process of law," that the debtor's plan does not adequately notify it of the debtor's intention to assume the Leases, and that the debtors have not effectively requested assumption because assumption is conditioned on confirmation of the plan and certain conditions to confirmation. The court rejects these arguments as frivolous.

F. <u>Conclusion</u>

For the reasons stated herein, the Leases were not deemed rejected by operation of § 365(d)(4). Therefore, the court will issue its order denying the Landlord's motion.

**END OF ORDER**

| | |
|---|---|
| 1 | COURT SERVICE LIST |
| 2 | William M. Huckins, Esq. |
| | Ivan M. Gold, Esq. |
| 3 | Marlene M. Moffitt, Esq. |
| | Allen Matkins Leck Gamble |
| 4 |     Mallory & Natsis LLP |
| | Three Embarcadero Center, 12th Floor |
| 5 | San Francisco, CA 94111-4074 |
| 6 | M. Elaine Hammond, Esq. |
| | Friedman Dumas & Springwater LLP |
| 7 | 150 Spear Street, Suite 1600 |
| | San Francisco, CA 94105 |
| 8 | |
| | Maggie McGee, Esq. |
| 9 | Office of the U.S. Trustee |
| | 1301 Clay Street, Suite 690-N |
| 10 | Oakland, CA 94612 |

Decision         9

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA
1300 Clay Street (2d fl.)
Oakland, CA. 94612

Case: 08-44903   Doc# 161   Filed: 02/18/09   Entered: 02/19/09 11:55:38   Page 9 of 9